IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RAUL MANZANO et al.,**

    Plaintiffs,

v.

**NSC INSTALLATION, LLC et al.,**

    Defendants.

No. 3:11-cv-01117-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This dispute arises out of defendants' purported failure to pay plaintiffs for work they performed while framing houses in Damascus, Oregon. Two of the five defendants failed to file an answer to the complaint [1], and, as a result, default [19] was entered against them. Plaintiffs now request the entry of judgment against these two defaulting defendants. Based on the fact that the defaulters are only two of the five defendants who are alleged to be jointly liable in this action, I DENY plaintiffs' motion for default judgment [23].

## BACKGROUND

    The construction of these houses is alleged to have been a joint venture involving at least four defendants[1] in this action: (1) DNS Construction, through its sole proprietor, Christie Marie Rosene; (2) DNS Construction's agent, Lupe Soto; (3) NSC Installation; and (4) NSC Installation's agent, Kent Behunin. (Compl. [1] ¶¶ 7–10.) According to the complaint, Mr. Soto

---

[1] At this stage in the proceedings, it is unclear what relationship defendant Ivan Abarca has to any of the parties.

1 – OPINION AND ORDER

made an oral contract with plaintiffs in 2009. *Id*. ¶¶ 13–14. As part of this contract, defendants allegedly agreed to pay plaintiffs $13,200 to frame houses. *Id*. ¶ 14. Plaintiffs worked from December 5, 2009, to January 9, 2010, but were never paid for their labor. *Id*. ¶¶ 15, 20. In response to defendants' purported failure to pay, plaintiffs filed suit on September 16, 2011.

The complaint includes five claims against all defendants and one claim against DNS Construction alone. First, plaintiffs claim defendants violated the overtime provision of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207. Second, they claim defendants violated the minimum wage provision of the FLSA. 29 U.S.C. § 206. Third, they claim defendants violated Oregon's overtime statute. ORS § 653.261; OAR 839-020-0030. Fourth, they claim defendants violated Oregon's minimum wage statute. ORS § 653.025. Fifth, they claim defendants violated Oregon's late payment statute. ORS § 652.140. And finally, they claim defendant DNS Construction breached the oral contract made by Mr. Soto. (Compl. [1] ¶ 39.) Based on these claims, plaintiffs seek unpaid minimum wages, unpaid overtime wages, penalty damages, costs, and attorney fees, in addition to their individual shares of the unpaid $13,200 contract price. *Id*. ¶¶ 21–39.

Defendants NSC Installation and Kent Behunin filed an answer [11] to plaintiffs' complaint on November 29, 2011. Defendants DNS Construction and Soto failed to answer, however, and default was entered against them on January 23, 2012.[2] Plaintiffs now seek an entry of judgment against these two defaulters for all of the sums described in the preceding paragraph. (Pls.' Mot. for Default J. [23] 1–2.)

---

[2] Like defendants DNS Construction and Soto, defendant Ivan Abarca failed to answer plaintiffs' complaint. Plaintiffs are not pursuing a default judgment against him at this time, however.

2 – OPINION AND ORDER

# DISCUSSION

## I. Rule 55

Plaintiffs filed this motion pursuant to Rule 55(b)(1), which outlines the only situations in which a judgment by default may be entered by a clerk rather than a judge. If plaintiffs' claims are for a sum certain or a sum that can be made certain by computation, the default is based on a failure to make an appearance, and the defaulters are not minor nor incompetent persons, the clerk "must enter judgment for that amount and costs . . . ." Fed. R. Civ. P. 55(b)(1). In all other cases, Rule 55(b)(2) gives the judge discretion to decide whether to enter a judgment by default.

In this case, plaintiffs cannot move for judgment under Rule 55(b)(1) because their claims are not a sum certain. "[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II v. Huntington Rests. Grp.*, 375 F.3d 922, 929 (9th Cir. 2004). As described below, I have doubts as to whether plaintiffs are entitled to all of the relief they seek. Therefore, I exercise my discretion under Rule 55(b)(2) to deny plaintiffs' motion for default judgment.

## II. Default Judgments in Actions Involving Multiple Defendants

Plaintiffs assert that all defendants were "joint employers" and that they are therefore jointly and severally liable for plaintiffs' claims. (Pls.' Mem. in Supp. [24] 3.) "With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, to analyze defendants' liability in this motion for default judgment, plaintiffs' allegations regarding the existence of multiple employment relationships are deemed true. The question, then, is whether a default judgment should be

3 – OPINION AND ORDER

entered against the defaulting defendants before the matter has been adjudicated with regard to the answering defendants.

### A.  *Multiple Employers*

As a threshold matter, the existence of multiple employers for any one employee is permissible under the FLSA and Oregon law.  The Ninth Circuit has held that the FLSA definition of "employer" is not limited by the common law concept of employer, but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999) (en banc) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983)). "Where an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Id*. at 1012 (quoting *Bonnette*, 704 F.2d at 1470). In theory, therefore, if each defendant exercised control over the nature and structure of the employment relationship, or economic control over the relationship, each would be an employer for purposes of the FLSA, and each could be found liable.

Similarly, Oregon law defines "employer" with sufficient breadth so as to allow for multiple employers of any one employee. For example, O.R.S. § 653.010 defines to "employ" as "to suffer or permit to work" and defines "employer" as "any person who employs another person." Consequently, if each defendant suffered or permitted plaintiffs to work, each would be an employer for purposes of the state claims.

### B.  *Jointly Liable Defendants*

The alleged existence of jointly liable defendants undermines plaintiffs' motion for default judgment, however. In *Frow v. De la Vega*, 82 U.S. 552, 554 (1872), the Supreme Court

4 – OPINION AND ORDER

held that where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to the answering defendants.

The Ninth Circuit has endorsed the *Frow* principle twice since 2000. *See Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012); *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 532–33 (9th Cir. 2001). Moreover, in *Neilson*, the court extended that principle beyond jointly liable co-defendants to those that are "similarly situated," such that the case against each rests on the same legal theory. 253 F.3d at 532. The court reasoned that it would be "incongruous and unfair" to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action. *Id.* Indeed, *Neilson* held that a trial court's entry of such inconsistent judgments amounted to an abuse of discretion. *Id.* 532–33.

*Frow*, *Garamendi*, and *Neilson* are squarely on point here. Plaintiffs allege that "each defendant is jointly and severally liable for plaintiffs' claims because they were joint employers." (Pls.' Mem. in Supp. [24] 3.) Significantly, only two of five defendants are in default. As a result, I find that judgment should not be entered against the defaulting defendants until the matter has been adjudicated with regard to the answering defendants.

### III.  Multiple Awards

Although I base my holding on the foregoing discussion of the *Frow* principle, I also note that plaintiffs may not be entitled to all of the relief they seek. And, in my view, further adversarial proceedings with the answering defendants will likely pin down the appropriate amount.

5 – OPINION AND ORDER

For example, plaintiffs contend that they are entitled to two state statutory penalties based on two types of misconduct: (1) violation of Oregon's overtime and minimum wage statutes, and (2) violation of Oregon's late payment statute. This contention may not be correct.

Two Oregon Court of Appeals cases have addressed the question of whether to impose multiple statutory penalties. In *Hurger v. Hyatt Lake Resort, Inc.*, 170 Or. App. 320, 13 P.3d 123 (2000), plaintiffs were minimum wage workers who received their final post-termination wages after the time required by statute. They sought one penalty under the late payment statute and a second penalty under the minimum wage statute, arguing that the late payment meant that plaintiffs were paid less than the minimum wage, i.e., that they were paid nothing. The court held that a late payment of the final wage did not violate the minimum wage statute. *Id*. at 324–25, 13 P.3d at 125–26.

In *Cornier v. Paul Tulacz, DVM PC*, 176 Or. App. 245, 30 P.3d 1210 (2001), plaintiff was not paid overtime and was also not paid accrued vacation pay within the statutory period for a final paycheck. The court noted that this constituted violations of two distinct parts of the wage statutes arising out of different factual contexts and accruing at different times. Consequently, plaintiff was entitled to two separate penalties. *Id*. at 249–50, 30 P.3d at 1211–12. Significantly, the court noted that if the case "did present two claims for two penalties based on the same employer misconduct, one of those claims would probably fail." *Id*. at 250, 30 P.3d at 1212.

*Hurger* seems to be more directly applicable to the facts before me. Despite their arguments to the contrary, plaintiffs genuinely allege only one type of misconduct: defendants failed to pay them once the employment relationship had ended. Therefore, the problem was not that defendants failed to pay minimum or overtime wages; it was that they failed to pay any wages at all. If, for example, defendants had paid plaintiffs $2.00 per hour during the course of

6 – OPINION AND ORDER

the employment relationship and also had failed to pay them once the relationship ended, two penalties might be appropriate. *See Hurger*, 170 Or. App. at 324, 13 P.3d at 125. By plaintiffs' own admission, though, the regular rate of pay derived from the contract would be $11.59 per hour,[3] far above the statutory minimum wage. Consequently, there does not appear to have been a minimum or overtime wage violation, and plaintiffs are likely entitled to only one statutory penalty.

## CONCLUSION

For the foregoing reasons, I DENY plaintiffs' motion for default judgment [23].

IT IS SO ORDERED.

DATED this   27th   day of September, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[3] Calculated by dividing total earnings promised by total hours worked.

7 – OPINION AND ORDER